UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORY O'BRIEN, | No. 2:24-cv-2963 CKD P |
| Plaintiff, | |
| v. | ORDER |
| M. MORAN, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

1    The court is required to screen complaints brought by prisoners seeking relief against a
2    governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
3    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
4    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
5    monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

6    Plaintiff complains about a delay in receiving medical care. Where a prisoner alleges that
7    delay of medical treatment (as opposed to denial) violates the Eighth Amendment, the prisoner
8    must show that the delay caused "significant harm and that defendants should have known this to
9    be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002). Plaintiff has not made
10   that showing here.

11   Plaintiff alleges that defendant retaliated against plaintiff for plaintiff's threatening to file
12   a prisoner grievance against defendant. "Within the prison context, a viable claim of First
13   Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some
14   adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that
15   such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did
16   not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–
17   68 (9th Cir. 2005). Inconsequential or de minimis harm is not actionable adverse action. Watison
18   v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012).

19   Plaintiff asserts that after he threatened to file a prisoner grievance against defendant for
20   being away from his post, defendant threatened to search plaintiff's cell but didn't after plaintiff
21   told defendant that would constitute retaliation. Plaintiff claims that defendant later delayed
22   providing plaintiff with medical attention by a matter of minutes for an issue subsequently found
23   to be not serious. Plaintiff fails to point to anything suggesting that he suffered injury as a result
24   of the delay in medical care. Even assuming, as plaintiff suggests, that the delay was in
25   retaliation for plaintiff's threat to defendant, plaintiff does not allege actionable adverse action.

26   In light of the foregoing, plaintiff's complaint must be dismissed. The court will,
27   however, grant leave to file an amended complaint so that plaintiff may attempt to state a claim
28   arising under federal law upon which he can proceed. Plaintiff is informed that the court cannot

1  refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule
2  220 requires that an amended complaint be complete in itself without reference to any prior
3  pleading.
4      In accordance with the above, IT IS HEREBY ORDERED that:
5      1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
6      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees
7  shall be collected and paid in accordance with this court's order to the Director of the California
8  Department of Corrections and Rehabilitation filed concurrently herewith.
9      3. Plaintiff's complaint is dismissed.
10     4. Plaintiff is granted thirty days from the date of service of this order to file an amended
11 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil
12 Procedure, and the Local Rules of Practice. The amended complaint must bear the docket
13 number assigned this case and must be labeled "Amended Complaint." Failure to file an
14 amended complaint in accordance with this order will result in a recommendation that this action
15 be dismissed.

16 Dated: February 27, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

21 1
22 obri2963.14